UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID JOHN KORBY,

    Plaintiff,

v.                                                      CASE NO. 6:21-cv-2030-JBT

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

## **MEMORANDUM ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a Period of Disability and Disability Insurance Benefits.  In a decision dated January 19, 2021, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, as defined in the Social Security Act, from October 1, 2015, the alleged disability onset date, through December 31, 2019, the date last insured.  (Tr. 11–24.)  Having considered the parties' memoranda and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Docs. 16 & 19.)

## I. Issues on Appeal

Plaintiff raises two issues on appeal:

1. Whether the ALJ failed to consider the explanations offered by the medical sources when evaluating the persuasiveness of their opinions.

2. Whether the ALJ provided adequate rationale to show the medical opinions were consistent with evidence from other sources.

(Doc. 22 at 16 & 25.)

Plaintiff raises the first issue in connection with Drs. William Riebsame, Ph.D., Gary Weiss, M.D., and Plaintiff's disability rating as determined by the U.S. Department of Veterans Affairs ("VA"). He raises the second issue with regard to state agency physicians Shakra Junejo, M.D. and Prianka Gerrish, M.D.

## II. Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. Analysis

### A. Medical Opinions and VA Disability Rating

Plaintiff first argues that the ALJ did not properly consider the explanations offered by Dr. William Riebsame, Ph.D., and Dr. Gary Weiss, M.D., in finding their opinions not persuasive. (Doc. 28 at 3–5.) The applicable regulation requires the ALJ to undertake and articulate an analysis of the persuasiveness of each medical opinion using a five-factor approach. *See* 20 C.F.R. § 404.1520c. The ALJ need not explain every factor, but he must "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions." 20 C.F.R. § 404.1520c(b)(2). Supportability and consistency are defined as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . ., the more persuasive the medical opinions . . . will be.
>
> (2) Consistency. The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be.

20 C.F.R. § 404.1520c(c).

#### i. Dr. Riebsame

The ALJ provided the following analysis of Dr. Riebsame's opinions:

> William Riebsame, Ph.D., one of the claimant's physicians opined the claimant would miss work about four days per month, and he could not meet competitive standards in completing a normal workday (Ex. 10F). Dr. Riebsame also opined the claimant was seriously limited in several functional areas related to the "paragraph B"

3

> criteria (Ex. 10F). This opinion was not persuasive as it was not consistent with a majority of the objective medical evidence. There were numerous mental status examinations in the record that had normal results (Exs. 20F/145, 149, 152, 162, 186, and 208). This opinion also lacked strong internal support as it was completed on a check-box form with limited included support, other than noting social avoidance and depressive symptoms (Ex. 10F/2).

(Tr. 22.)

Contrary to Plaintiff's argument, the ALJ explicitly considered Dr. Riebsame's explanations for his opinions, which were essentially that Plaintiff had depressive symptoms which caused social avoidance and other limitations. (Tr. 1123–24.) The ALJ thoroughly discussed Plaintiff's mental impairments throughout the decision and accounted for such impairments in the residual functional capacity ("RFC") assessment. (Tr. 15–22.) Plaintiff's arguments essentially urge the Court to reweigh the evidence, which is not the Court's function. *Winschel*, 631 F.3d at 1178. The ALJ's finding that Dr. Riebsame's extreme limitations were not persuasive is supported by substantial evidence. Thus, the Court rejects Plaintiff's argument.

### ii.  Dr. Weiss

The ALJ provided the following analysis of Dr. Weiss's opinions:

> Gary Weiss, M.D., one of the claimant's physicians, opined the claimant could only stand or walk for two hours in an eight-hour workday, and he could only sit for three hours in an eight-hour workday (Ex. 18F). Dr. Weiss also opined the claimant would miss work three days per month, and he would be off task for twenty-five percent or more of the workday (Ex. 18F). This opinion

4

> was not persuasive as it was not consistent with a majority of the objective medical evidence. Dr. Weiss also had a limited history of examining the claimant with one examination in October of 2020 prior to writing this opinion in November of 2020 (Exs. 9F and 18F). Recent examinations from September of 2020 failed to support this opinion, as they showed no joint deformities or neurologic issues, stable gait, and negative straight leg raising (Ex. 20F/10 and 114). This opinion also lacked strong internal support, but it did note disc protrusion at C5-6, spinal tenderness to palpation, and positive straight leg raising (Ex. 18F/1 and 2).

(Tr. 22.)

Contrary to Plaintiff's argument, the ALJ explicitly considered Dr. Weiss' explanations for his opinions. Dr. Weiss noted some positive findings on Plaintiff's physical exam and the MRI reports. (Tr. 1209–10.) However, the ALJ addressed the physical examination findings and noted that Plaintiff's radiology reports documented only "mild degenerative disease of the lumbar spine," "minimal degenerative disease" of the cervical spine, and "mild degenerative findings," "within normal limits" of the thoracic spine." (Tr. 1307–15.) As with the opinions of Dr. Riebsame, the ALJ adequately addressed the opinions of Dr. Weiss, and his finding that Dr. Weiss' extreme limitations were not persuasive is supported by substantial evidence. Thus, the Court rejects this argument as well.

### iii. VA's Disability Rating

Plaintiff also argues that the ALJ erred in failing to consider and give great weight to Plaintiff's service-connected 70% disability, as determined by the VA. (Doc. 22 at 23–25.) Plaintiff's argument is undermined by the applicable

5

regulation, which provides that "[d]ecisions by other governmental agencies" are "inherently neither valuable nor persuasive" and "we will not provide any analysis about how we considered such evidence in our determination or decision." 20 C.F.R. §404.1520b(c)(1). Moreover, "we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether [Plaintiff is] disabled, blind, employable, or entitled to any benefits." 20 C.F.R. §404.1504. Finally, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable the district court or this Court to conclude that the ALJ considered [his] medical condition as a whole." *Dyer v. Barnhart,* 395 F.3d 1206, 1211 (11th Cir. 2005) (quotations omitted). As the Eleventh Circuit stated in *Lewen v. Commissioner of Social Security*: "While the ALJ's explanation of the decision must sufficiently explain the weight given to 'obviously probative exhibits,' it need not discuss every piece of evidence." 605 F. App'x 967, 968 (11th Cir. 2015) (citations omitted).[2] Accordingly, the VA's disability rating is not probative and the ALJ's failure to consider it was not error.

---

[2] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) (*"*Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.*"*). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a). The Court finds persuasive the unpublished decision cited herein.

6

### B. State Agency Doctors

Finally, the Court rejects Plaintiff's argument that the ALJ failed to address the consistency of the opinions of the state agency doctors with other evidence. The ALJ explicitly noted that these opinions were consistent with, and internally supported by, the "imaging showing mild degenerative disc disease," and numerous physical examination findings. (Tr. 21.) Thus, the Court finds no merit in this argument.

### IV. Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence. Applying this standard of review, the Commissioner's decision is due to be affirmed.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the file.

7

**DONE AND ORDERED** in Jacksonville, Florida, on September 2, 2022.

_Joel B. Toomey_
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record